UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Rodney Neil Sansbury**, # 280956, | ) C/A No. 3:07-383-GRA-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Jon E. Ozmit, Director SCDC; and Bernard McKie, Warden KCI, | ) |
| Defendant(s). | ) |

_____

This is a civil rights action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at the Kirkland R & E Center, the intake facility for the entire South Carolina Department of Corrections (SCDC) prison system. Plaintiff has only recently been placed in SCDC custody to begin serving a relatively short (6 month) sentence for a firearm possession conviction from Dorchester County. He claims that SCDC's segregation of HIV-positive prisoners, like himself, in the "lock down" area of the Kirkland R & E Center unreasonably discriminates against infected inmates. When in the lock down situation, according to Plaintiff, the HIV-positive prisoners cannot make phone calls, go to outside recreation, or get hot meals in the cafeteria like the other prisoners. Plaintiff acknowledges on the face of his complaint that he only filed his first grievance about this matter with the SCDC authorities on January 26, 2007, and that he had not received any type of response thereto before he submitted this case to the Court on February 7, 2007, per institutional mailroom stamp on the envelope.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As stated previously, Plaintiff admits in his Complaint that he did file a grievance at Kirkland R & E Center on on or about January 26, 2007, but that he

had not received a response as of the date he prepared his complaint (presumably immediately before mailing it on February 7, 2007).

The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint is appropriate. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 683 (4th Cir. 2005). Although the most recent United States Supreme Court case on the subject, Jones v. Bock, Nos. 05-7058 and 05-7142, 2007 WL 135890 (Jan. 22, 2007), agrees with the general proposition that exhaustion of remedies is an affirmative defense, it does not appear to overrule that portion of this Circuit's XYZ opinion which permits *sua sponte* dismissal for lack of exhaustion where the lack is clear from the face of the complaint.

Even if he never receives a response to his initial inmate grievance, an SCDC inmate must wait approximately 114 days from presenting his Step 1 written grievance to the prison to file a complaint in federal court.[2] This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. Specifically, the SCDC policy time limits are summarized as follows:

---

[2] The full time period may be longer if a response is received from the Warden and a Step 2 is required.

> **(1)** an inmate must fill out a Form 10-5 (Step 1 Grievance form) to explain his complaint and give the form to an employee designated by the Warden within fifteen (15) days of the alleged incident; **(2)** the Warden designee has nine (9) working days from the time the grievance is presented to put it into SCDC's automated system; **(3)** the Warden should respond to the grievant in writing within forty (40) days; **(4)** the inmate may appeal by completing a Form 10-5a (Step 2 Appeal) and submitting it to the Inmate Grievance Coordinator within five (5) calendar days of receipt of the response; and **(5)** a responsible SCDC official will have sixty (60) days to respond to the Step 2 grievance plus five (5) days for the grievant to be served.

SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. Id.

Importantly, the SCDC policy provides that if, at the institutional level, the response to the grievance exceeds the established time limits, *the grievance will automatically proceed to the next level of appeal.* SCDC Policy issued 1-1-2006, § 13.6 (emphasis added). Accordingly, when the Warden fails to respond to an inmate's Step 1 grievance, the inmate must refrain from filing suit in federal court until all time periods for both steps to be completed have expired (approximately 114 days). This is because, if the Warden fails to respond, the Step 1 grievance automatically proceeds to the next level of appeal (Step 2) where the Inmate Grievance Coordinator may respond to the inmate and resolve his complaint. The United States Supreme Court has specifically held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary).

Assuming that Plaintiff never receives a response from the Warden or that responsible official to his Step 1 grievance, after approximately 114 days have passed, Plaintiff will then have exhausted "such administrative remedies as are available," 42 U.S.C. § 1997e(a), and can re-file this lawsuit should he so desire. *E.g.* Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002). In this case, it is apparent from the face of the

Complaint that Plaintiff waited less than twelve (12) days from presenting his grievance to file a complaint in federal court. He did not even wait for the time permitted under the grievance policy for the Warden to respond. Because Plaintiff's January 26, 2007 grievance is still considered pending until approximately 114 days have passed, or until approximately May 22, 2007, this action should be summarily dismissed *without prejudice*.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

                Respectfully submitted,

                Joseph R. McCrorey
                United States Magistrate Judge

February 16, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).